UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MATTHEW YOUNG,

        Plaintiff,        6:13-cv-02039-TC

     v.                       ORDER

STATE OD OREGON, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff has filed "Objections to Magistrate Thomas M. Coffin's jurisdiction in this case, and request for *de novo* review of Magistrate Coffin's Order dated 3/31/2015." (#80)

    Plaintiff's Motion (#80) is allowed as follows. I have given *de novo* review to Magistrate Coffin's Order (#77) denying plaintiff's motion to Strike and for default judgment (#75), and affirm the order.

    Plaintiff's "Objections" to Magistrate Judge Coffin's jurisdiction in this case is construed as a motion to

1 - ORDER

disqualify Magistrate Judge Coffin. Two federal statutes govern recusal, 28 U.S.C. § 144 and 28 U.S.C. § 455. The standard for recusal under either section is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's partiality might be questioned." Taylor v. Regents of the University of California, 993 F.2d 710, 712 (9th Cir. 1993). To warrant recusal, judicial bias must stem form an extrajudicial source. Id. "A judge's prior adverse ruling is not a sufficient cause for recusal. Id., citing United States v. Studly, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff has not identified any real or apparent bias stemming from an extrajudicial source that would lead a reasonable person with all of the facts to question Magistrate Judge Coffin's partiality. Therefore, plaintiff's "objection" is denied. However, in deference to plaintiff's objection to Magistrate Coffin, and in the interest of judicial economy, I will decide the pending motions in this matter.

Plaintiff's "Motion to add names of defendants and claims" (#54) is denied for failure to comply with the requirements of Local Rule 15-1© ("An amended or supplemental pleading must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference."). In addition, some of the proposed additional defendants are

2 - ORDER

immune from liability to plaintiff or otherwise not proper defendants, and plaintiff's factual allegations are insufficient to state claims upon which relief can be granted.

Plaintiff's Motion for Summary Judgment (#57) is denied.

Plaintiff's Second Motion for Default (#79) is denied.

Defendants move the court for an order dismissing plaintiff's complaint or in the alternative to require plaintiff to make a more definite and certain statement of his claims. (#65).

Plaintiff's Amended Complaint (#31) consisted of 31 pages and 102 pages of "exhibits." Plaintiff's "Supplemental Complaint" (#36) consisted of an additional 31 pages and 132 pages of "exhibits." These documents alleged a wide variety of claims concerning the conditions of plaintiff's confinement against 42 named defendants and "other unknown ODOC officials."

By Order (#42) filed June 19, 2014, plaintiff's Second Amended Complaint was dismissed for failure to meet the minimal pleading requirements of the Federal Rules and failure to state a claim. Plaintiff was advised of the deficiencies of his complaint and allowed 30 days to file an amended complaint.

On July 1, 2014, plaintiff filed a "Second Amended

Complaint" (#45).[1]  Plaintiff's Second Amended Complaint fails to correct the deficiencies that led to the dismissal of plaintiff's previous complaint. As with plaintiff's previous pleadings, his Second Amended Complaint does not meet the minimal pleading requirements of the federal rules.

Specifically, plaintiff alleges facts but does not necessarily connect those facts to specific individual defendants or explain how the defendants alleged conduct violates a constitutionally protected right.  Plaintiff also fails to explain how the numerous federal statutes that he cites apply to his factual allegations or any plausible legal theory would entitle him to recover damages.  In addition, plaintiff continues to name the State of Oregon and other state entities as a defendants, and seeks to hold supervisory personnel liable on a theory of *respondeat superior.*

In summary, the deficiencies of plaintiff's second amended complaint are as follows:

Claim I is an incorrect statement of Oregon law and does not state a federal claim for relief.

Claim II is factually incorrect and fails to state any facts that would suggest that plaintiff has been denied due process.

---

[1] In addition, as noted above, plaintiff subsequently sought to "add names of defendants and claims."

4 - ORDER

Claim III(i) fails to state a constitutional claim because mere verbal harassment is not actionable and, because plaintiff has not alleged he suffered any harm or prejudice from defendant's alleged comments.

Claim III(ii) fails because plaintiff's vague allegations that defendants "played tragic mind games" with him are factually and legally insufficient to state a claim.

Claim III(iii) fails to state a claim because plaintiff has not alleged that the "desecration" of his prayer rug during a cell search was intentional and not reasonably related to a legitimate penological interest.

Claim III(iv) fails to allege facts sufficient to support a claim for retaliation for the exercise of constitutional rights.

Claim III(v) fails to allege facts against any specif defendant or that the actions complained of rise to the level of a constitutional violation.

Claim III(vii) fails because waiting to use the restroom until it "becomes painful" does not rise to the level of an Eighth Amendment claim.

Claim V fails because plaintiff's mere allegations that he is "mentally ill" and has been denied access to certain unspecified "programs" are insufficient to state an ADA claim against the State of Oregon.

5 - ORDER

Claim VI is inscrutable.

Claims VII and VIII attempt to improperly allege liability based on *respondeat superior.*

Claim IX alleges an unspecified "violation of contractual agreement" against numerous defendants and is factually insufficient to state a claim.

Claim X - the failure to "discipline" other inmates for racists comments fails to state a constitutional claim.

Claims XI and XV fails to allege the basic elements of a retaliation claim, *see,* Rhodes v. Robinson, 408 U.S. 559, 567-68 (9th Cir. 2005), or that the individually named defendants personally participated in the alleged retaliation on a specific occasion.

Claim XII fails because plaintiff does not have a private right of action under HIPPA, Webb v. Smart Document Solutions, 499 F.3d 1078, 1082 (9th Cir. 2007), and plaintiff's allegations fails to state a claim under either the "constitution" or the "ADA."

Claim XIII fails because prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them, Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010).

Claim XIV fails to allege that any specifically named

defendant has denied him access to the prison grievance procedure.

Based on all of the foregoing, plaintiff's Second Amended Complaint is dismissed. Because it is apparent that the deficiencies of plaintiff's Second Amended Complaint cannot be cured by amendment, the dismissal is with prejudice.

Summary: Plaintiff's Objections and Request for *de novo* review (#80) is allowed in part and denied in part. After *de novo* review I affirm Magistrate Judge Coffin's Order (#77) denying plaintiff's Motion (#75). Plaintiff's request to disqualify Magistrate Judge Coffin is denied. However, in deference to plaintiff's objections I chose to decide the pending motions as follows: Plaintiff's Motion (#54), (#57), and (#79) are denied. Defendants' Motion to Dismiss (#65) is allowed. The Clerk of the Court is directed to enter a judgment dismissing this action.

***Any appeal from this an order or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status is hereby revoked.***

DATED this 22ND day of April, 2015.

                            Ann Aiken
                            United States District Judge

7 - ORDER